Electronically Submitted
5/5/2021 9:59 AM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

CL-21-1764-D

CAUSE NO. _____

| | | |
|---|---|---|
| CONNIE L. CORTEZ, § | | IN COUNTY COURT |
| Plaintiff, § | | |
| § | | |
| V. § | | AT LAW NO. _____ |
| § | | |
| SOG INTERNATIONAL, LLC § | | |
| Defendant, § | | HIDALGO COUNTY, TEXAS |

# PLAINTIFF CONNIE L. CORTEZ'S ORIGINAL PETITION

**TO THE HONORABLE COURT:**

**COMES NOW, CONNIE L. CORTEZ,** (hereinafter referred to as Plaintiff) complaining of **SOG INTERNATIONAL, LLC** (hereinafter referred to as the Defendant corporation or the Defendant employer), and for such causes of action would respectfully show unto the Court and the Jury, as follows:

I.

### Discovery Level

1.1 Discovery in this litigation is intended to be conducted under Level 3, Texas Rule of Civil Procedure 190.

II.

### Parties

2.1     Plaintiff, **CONNIE L. CORTEZ**, is an individual residing in Hidalgo County, Texas.

2.2     Defendant, **SOG INTERNATIONAL, LLC** is a Texas limited company duly licensed to conduct business in the State of Texas and may be served by serving its registered agent, as follows:

> SOG International LLC
> Luis H. Cantu
> 200 S. 10th St., Ste. 1401
> McAllen, Texas 78501

2.3     Service of citation is requested *via Certified Mail, Return Receipt Requested.*

**EXHIBIT A-2**

Case 7:21-cv-00238 Document 1-4 Filed on 06/14/21 in TXSD Page 2 of 14

Electronically Submitted
5/5/2021 9:59 AM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

CL-21-1764-D

### III.

### Venue and Jurisdiction

3.1 Venue is proper in Hidalgo County, Texas in that the incident made the basis of this cause of action occurred in Hidalgo County, Texas.

### IV.

### Exhaustion of Administrative Remedies

4.1 Within 300 days of the occurrence of the acts complained of, plaintiff filed her initial complaint with the Equal Employment Opportunity Commission, alleging that the Defendant employer had committed unlawful employment practices against the Plaintiff in violation of the Age Discrimination in Employment Act ("ADEA"), the Older Workers Benefit Protection Act ("OWBPA"), the Americans with Disabilities Act, ("ADA"), as amended, the ADA-AA, as amended, and Title VII of the Civil Rights Act of 1964, as amended. The formal charge and the "Notice of the Right to File A Civil Action Letter" were filed and received as follows:

| | |
|---|---|
| Formal Complaint Filed: | August 17, 2020 |
| Notice of Right to File A Civil Action Letter Received: | March 4, 2021 |

On March 4, 2021, Plaintiff received from the Equal Employment Opportunity Commission, Plaintiff's Notice of Right to File A Civil Action letter allowing the Plaintiff to file this lawsuit within ninety days of its receipt. Plaintiff's statutory claims have been filed within ninety days of its receipt. A copy of this notice is attached as Exhibit "A" and is incorporated for all purposes by reference. Plaintiff further invokes the relation back theory as well as any and all equitable doctrines necessary to satisfy the administrative requirements set forth by law. All conditions precedent to the filing of this lawsuit and as required by law have been performed or have occurred.

Electronically Submitted
5/5/2021 9:59 AM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

CL-21-1764-D

## V.

## Factual Background

5.1 Plaintiff Connie L. Cortez accepted employment with the Defendant employer on or about September 9, 2019, as a Human Resource Generalist. During her 15-months of employment, the Plaintiff faithfully performed all the duties assigned to her with loyalty, dedication and hard work. At the time of her unlawful termination, Plaintiff Connie L. Ortiz was last earning $45,000 annually plus fringe benefits. Plaintiff was last employed with the Defendant **SOG INTERNATIONAL, LLC,** in McAllen, Hidalgo County, Texas on or about February 14, 2020. At the time of her termination, Plaintiff was 41 years old (DOB: XX-XX-78).

5.2 During the last six months of her employment, Plaintiff was subjected to age animus, disparate treatment and/or a hostile work environment by Plaintiff's employer. Plaintiff would show that at the time of her illegal termination that she was in the protected class of age (41) and disability (high risk pregnancy, post-partum depression, gender); that she was qualified for her job; that she was terminated and that she was replaced by a younger worker. Plaintiff's termination was on account of her age, her gender, her pregnancy, disability or that she was treated differently than persons outside the protected class. Plaintiff would show unto the Court that she was treated differently than her younger counterparts.

5.3 When Plaintiff became pregnant, she informed her immediate manager, Erica Balli. Ms. Balli required that Plaintiff take a second pregnancy test and provide photographic proof of the pregnancy. Without the photographic proof of both tests, Plaintiff would not be able to attend her doctor's appointments with company approval. Ms. Balli told Plaintiff that she was too old to be pregnant, that her condition might be menopause and that Ms. Bali hoped that Ms. Cortez wasn't pregnant.

Electronically Submitted
5/5/2021 9:59 AM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

CL-21-1764-D

Erica Balli made discriminatory statements toward Plaintiff, referred to her as dumb and made a mocking facial expression at a company lunch which humiliated Plaintiff. Maria Cobos, Human Resource Coordinator, stated that Plaintiff was dumb because of her pregnancy. Ms. Balli and Ms. Cobos were both dismayed at Plaintiff's pregnancy and exhibited a negative attitude towards her pregnancy and prenatal care. Ms. Cobos went so far as to hope that the Plaintiff would suffer post-partum depression. Plaintiff was harassed about her high-risk pregnancy, her gender, her doctor's appointments, and/or her age. Upon learning of her pregnancy, the company changed her pay from the agreed upon annual salary to an hourly wage. After learning of her pregnancy, the company required that Plaintiff perform extra duties, her workload become overloaded and the work environment became hostile. As a result of her pregnancy, the workplace became full of tension and the pressure became unbearable. On February 14, 2020, Plaintiff was illegally fired on account of her pregnancy, on account of her age, on account of her gender, on account of her disability and was not afforded a reasonable accommodation. Additionally, Plaintiff was retaliated against for opposing illegal discriminatory conduct in the workplace. Plaintiff is a qualified individual with a disability that affects a major life activity, namely – the ability to work and procreate and who, either with or without a reasonable accommodation, can perform the essential functions of her job. To the extent that Plaintiff is not considered disabled under the TCHRA, then in that event, Plaintiff has been perceived as and/or regarded as being disabled due to her record of impairment. As a result of Plaintiff's age, she has been subjected to discriminatory animus, disparate treatment and/or a hostile work environment. Once the company knew Plaintiff was pregnant and seeking necessary medical care, the company started to display a negative attitude towards Plaintiff and illegally fired her.

Electronically Submitted
5/5/2021 9:59 AM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

CL-21-1764-D

5.4 Plaintiff asserts that the true reason for her unceremonious termination was because she was discriminated against based upon her age and/or disabilities in violation of the Age Discrimination in Employment Act ("ADEA"), the Older Workers Benefit Protection Act ("OWBPA"), the Americans with Disabilities Act, ("ADA"), as amended, the ADA-AA, as amended, Title VII of the Civil Rights Act of 1964, as amended, and the Pregnancy Discrimination Act ("PDA") as amended. Plaintiff alleges that there was no legitimate business justification for her termination in that the Plaintiff had always performed a satisfactory, if not exemplary job for the Defendant company during her employment. Plaintiff further asserts and intends to prove that the mistreatment received by Plaintiff including but not limited to, age discrimination, gender discrimination, pregnancy discrimination, and disability discrimination among other things, was part of a pattern and practice engaged in by the Defendant employer towards the Plaintiff and others similarly situated

## VI.

### Causes of Action - Wrongful Discharge

A. **Violations of the of the Age Discrimination in Employment Act ("ADEA"), the Older Workers Benefit Protection Act ("OWBPA"), the Americans with Disabilities Act, ("ADA"), as amended, the ADA-AA, as amended, and Title VII of the Civil Rights Act of 1964, as amended, and the Pregnancy Discrimination Act ("PDA") as amended.**

6.1 Plaintiff re-alleges the allegations contained in Section V, entitled *Factual Background*.

6.2 On or about February 14, 2020, Plaintiff was unceremoniously terminated due to the culmination of discriminatory conduct directed against her by the Defendant employer. The Defendant employer discriminated against this Plaintiff and wrongfully terminated her because she exercised her statutory rights under of the Age Discrimination in Employment Act ("ADEA"), the Older Workers Benefit Protection Act ("OWBPA"), the Americans with Disabilities Act, ("ADA"), as amended, the ADA-AA, as amended, Title VII of the Civil Rights Act of 1964, as

Electronically Submitted
5/5/2021 9:59 AM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

**CL-21-1764-D**

amended, and the Pregnancy Discrimination Act ("PDA") as amended. The Plaintiff alleges that her termination was part of a larger unwritten plan or scheme of the Defendant employer to discriminate against older, pregnant and/or disabled employees.

### Discrimination by Employer

> An employer commits an unlawful employment practice if because of race, color, *disability*, religion, *sex*, national origin, or *age*, the employer:
>
> 1. *Fails or refuses to hire* an individual, *discharges an individual, or discriminates in any other manner against the individual in connection* with *compensation or the terms, conditions, or privileges of employment*; or
>
> 2. *Limits, segregates or classifies* an employee or applicant for employment in a manner that would deprive or tend to deprive an *individual of any employment opportunity or adversely affect in any other manner the status of the employee.*
>
> (West 2017) (emphasis added).

### Retaliation

> An employer, labor union or employment agency commits an unlawful employment practice if the employer, labor union or employment agency *retaliates* or *discriminates* against a person who, under this Chapter:
>
> 1. *Opposes discriminatory practice*;
>
> 2. Makes or files a charge;
>
> 3. Files a complaint; or
>
> 4. Testifies, assists or participates in any manner in an investigation, proceeding or hearing.
>
> (West 2017) (emphasis added)

6.3 As a result of the discriminatory treatment, her ultimate termination and the acts described herein, Plaintiff has suffered damages as further alleged in this Petition.

Case 7:21-cv-00238   Document 1-4   Filed on 06/14/21 in TXSD   Page 7 of 14

Electronically Submitted
5/5/2021 9:59 AM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

CL-21-1764-D

## VII.

## Actual Damages

7.1 As a result of the incident made the basis of this suit, Plaintiff, Connie L. Cortez, has incurred damages in the following respects:

**A.  Lost Earnings and Special Damages**

7.2 At the time of the incident complained of, Plaintiff was gainfully employed with the Defendant employer with the Environment Services department. As a proximate result of the wrongful acts of the Defendant employer, the Plaintiff was unable to attend to her usual occupation and thereby suffered a loss of income for which she hereby sues. As a result of the wrongful acts of the Defendant employer, the Plaintiff's earnings, retirement, and capacity to earn a livelihood were severely impaired. In all reasonable probability, the Plaintiff's loss of earnings and loss of earning capacity will continue long into the future, if not for the balance of the Plaintiff's natural life. Plaintiff therefore sues for any lost earnings in the form of back pay, lost wages, front pay, retirement benefits, fringe benefits, lost future earnings and/or diminished earning capacity to the extent permitted by law, due to the acts complained of above.

**B.  Past and Future Mental Anguish**

7.3 As a result of the incident described above, that is made the basis of this suit, Plaintiff has suffered physical injuries, sickness and/or illness as well as emotional distress, mental anguish, loss of enjoyment of life, pain and suffering, inconvenience and other hedonic damages. The Plaintiff has suffered feelings of anxiety, despair, depression, restlessness, worthlessness, embarrassment and/or inferiority. The Plaintiff has further suffered ill-health effects including but not limited to sleeplessness, depression, anxiety, agitation and loss of self-esteem due to the defendant's discriminatory treatment directed towards her and her wrongful termination. In all reasonable probability, the Plaintiff will continue to suffer such physical injuries, sickness and/or illness as well as emotional distress, mental anguish, loss of enjoyment of life, pain and suffering, inconvenience and other hedonic damages.

Case 7:21-cv-00238 Document 1-4 Filed on 06/14/21 in TXSD Page 8 of 14

Electronically Submitted
5/5/2021 9:59 AM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

CL-21-1764-D

## VIII.

### Attorney's Fees

8.1 By reason of the allegations of this petition and should Plaintiff be designated the "prevailing party", Plaintiff is entitled to recover attorney's fees in a sum that is reasonable and necessary. In this connection, Plaintiff will show that she has employed the undersigned attorneys to assist her in the prosecution of this action.

8.2 Plaintiff further seeks an upward adjustment or enhancement to the lodestar amount of attorney's fees to be determined in the prosecution of this lawsuit. A reasonable attorney's fee is further requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts. If ultimately successful in this case, plaintiff fully expects that the defendant will appeal this case.

8.3 Plaintiff seeks attorney's fees to compensate the Plaintiff for the attorney's fees she has and will incur in the prosecution of this lawsuit, both at trial and on appeal. Plaintiff further pleads for the recovery of reasonable and necessary expenses for the use of associate attorneys, paralegals, legal assistants and/or law clerks that assist in the prosecution of the case. As permitted, Plaintiff also seeks to re-coup all litigation expenses expended in the prosecution of this lawsuit.

## IX.

### Exemplary Damages

9.1 The conduct of the Defendant employer, as set out above, was carried out and constituted such an entire want of care as to constitute a conscious indifference to the rights or welfare of the Plaintiff. Because of the spite, ill-will, malicious and/or fraudulent intent held by the Defendant **SOG INTERNATIONAL, LLC'S** management toward the Plaintiff, such management, acting in a willful and intentional manner, committed certain acts calculated to cause injury and/or damage to the Plaintiff. Accordingly, the Defendant **SOG INTERNATIONAL, LLC** acted with malice, actual

Case 7:21-cv-00238 Document 1-4 Filed on 06/14/21 in TXSD Page 9 of 14

Electronically Submitted
5/5/2021 9:59 AM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

CL-21-1764-D

malice and/or a specific intent to injure the Plaintiff. The Plaintiff is hereby entitled to recover exemplary or punitive damages to deter such cruel and undignified procedures by the Defendant **SOG INTERNATIONAL, LLC** and its management in the future. Accordingly, Plaintiff requests that punitive damages be awarded against the Defendant **SOG INTERNATIONAL, LLC** as a result of its egregious violations of the law.

## X.
## Demand for Trial by Jury

10.1 Plaintiff, by and through her attorneys of record, and pursuant to Rule 216 of the Texas Rules of Civil Procedure, makes and files this Demand for Trial by Jury in the above styled and numbered cause. Contemporaneously with the filing of this jury demand, Plaintiff has deposited the required jury fee with the County Clerk of Hidalgo County, Texas. Plaintiff requests that this case be set on the jury docket of the court for disposition in due order and as soon as practicable.

**WHEREFORE,** Plaintiff, **CONNIE L. CORTEZ**, prays that this Honorable Court grant the following:

(1) Judgment against the Defendant, **SOG INTERNATIONAL, LLC**, for all of the Plaintiff's damages. Plaintiff would respectfully request that should the jury after evaluating all of the credible evidence and after so finding liability based upon the preponderance of the credible evidence in this matter; then in such an event, and if also so found by the jury, Plaintiff would then request damages in line with the credible evidence presented that would fairly and reasonably compensate the Plaintiff for all of the harms and losses that she has sustained throughout this ordeal;

(2) Punitive damages;

(3) Attorney's fees;

(4) Pre-judgment interest allowed by law;

(5) Interest on said judgment at the legal rate from the date of judgment;

(6) For costs of suit herein; and

Electronically Submitted
5/5/2021 9:59 AM
Hidalgo County Clerk
Accepted by: Oscar Gonzalez

CL-21-1764-D

(7)     For such other and further relief at law or in equity to which the Plaintiff may show herself 4 justly entitled to receive and for which she shall forever pray.

Respectfully submitted,

**LAW OFFICES OF
JOSE G. GONZALEZ**
4129 N. 22nd Street, Suite 3
McAllen, Texas 78504
Telephone: (956) 731-4324
Facsimile: (956) 731-4327

By: */s/Carlos E. Hernandez Jr.*
Carlos E. Hernandez, Jr., Of Counsel
State Bar No. 00787681
Attorneys for Plaintiff
**CONNIE L. CORTEZ**

CL-21-1764-D

# Exhibit A.

EEOC Form 161 (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

CL-21-1764-D

## DISMISSAL AND NOTICE OF RIGHTS

To: Connie L. Cortez
829 S. Salinas Blvd
Donna, TX 78537

From: San Antonio Field Office
5410 Fredericksburg Rd
Suite 200
San Antonio, TX 78229

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 451-2020-03332 | Roy Roscoe, EEOC, Federal Investigator | (210) 640-7562 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

**- NOTICE OF SUIT RIGHTS -**
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____ For 3/4/2021

Travis G. Hicks,
Director

(Date Issued)

Enclosures(s)

cc: SOG INTERNATIONAL LLC
Wayne J. Lowry
CEO
2300 Sugar Sweet Ave
Weslaco, TX 78599

Carlos E. Hernandez
4129 N. 22nd St., Ste. 3
McAllen, TX 78504

Enclosure with EEOC
Form 161 (11/2020)

**CL-21-1764-D**
**INFORMATION RELATED TO FILING SUIT**
**UNDER THE LAWS ENFORCED BY THE EEOC**

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

CL-21-1764-D

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

"Regarded as" coverage:
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.